# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

_____
THE MONTGOMERY INSURANCE            :
COMPANY, as subrogee of Charles and :
Barbara Montgomery                  :
17810 Meeting House Rd              :
Sandy Spring, MD 20860-1003         :
                                    :
        Plaintiff                 :
                                    :   CIVIL ACTION NO.
  v.                                :
                                    :
OATEY CO.                           :   **JURY TRIAL DEMANDED**
4700 W. 160th Street.               :
Cleveland, OH 44135                 :
                                    :
and                                 :
                                    :
GEORGE SHERMAN CORPORATION          :
Clay Road & Wescot Corner           :
Milton, DE 19968                    :
                                    :
        Defendants                :
_____ :

## COMPLAINT

Plaintiff, The Montgomery Insurance Company, as subrogee of Charles Montgomery, by and through its undersigned attorneys, Cozen O'Connor, upon information and belief, hereby alleges the following:

## PARTIES

1. Plaintiff, The Montgomery Insurance Company ("Montgomery Insurance"), is a Maryland corporation with a principal place of business located at 17810 Meetinghouse Road, Sandy Spring, Maryland, and at all times material hereto, was authorized to issue insurance policies in the State of Delaware.

2. Defendant, Oatey Co. ("Oatey"), is an Ohio corporation, with a principal place of business located at 4700 West 16th Street, Cleveland, Ohio, and at all times material hereto, was engaged in the business of designing, manufacturing, distributing selling and/or supplying plumbing supplies.

3. Defendant, George Sherman Corporation ("GSC"), is a Delaware corporation, with a principal place of business located at Clay Road and Wescot Corner, Milton, Delaware, and at all times material hereto, was engaged in the business of plumbing installation.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 in view of the parties' diverse citizenship and the amount in controversy which exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs of this action.

5. Venue is properly laid in this judicial district because the events giving rise to plaintiff's claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

6. At all times material hereto, Montgomery Insurance's insureds, Charles and Barbara Montgomery ("the Montgomerys"), owned a vacation house located at 6 Johnson Branch Court, Rehobeth Beach, Delaware ("the Property").

7. At all times material hereto, Montgomery Insurance provided insurance to the Montgomerys which covered the Property.

8. In September 2002, the Montgomerys purchase the Property new.

9. Prior to September 2002, during the construction of the Property, defendant GSC installed an offset washing machine outlet box that contained two brass water valves ("the Valve Box"), which was manufactured by defendant Oatey.

10. On our about April 11, 2003, the cold water manual shut off valve failed allowing water to flow out and causing significant water damage to the Property ("the Leak").

11. Pursuant to the above referenced insurance policy, Montgomery Insurance reimbursed its insureds an amount in excess of $75,000 for the damage to the Montgomerys' real and personal property resulting from the Leak.

12. Under and pursuant to the terms of the Montgomery Insurance policy and in accordance with common law principles of equitable subrogation, to the extent of the payments that Montgomery Insurance has made to the Montgomerys, Montgomery Insurnace is duly subrogated to the respective rights, claims, and causes of action of the Montgomerys against defendant Oatey.

## COUNT I:

## MONTGOMERY INSURANCE V. OATEY

### NEGLIGENCE

13. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein at length.

14. The Leak and the resulting damage to the plaintiff's insureds' property was caused by the negligence, carelessness, recklessness, gross negligence and/or negligent acts and/or omissions of defendant Oatey, its agents, servants and/or employees acting within the course and scope of their employment or agency, in:

   (a)   supplying a defectively manufactured and/or designed product which they knew or should have known subjected plaintiff's insureds' property to an unreasonable risk of harm;

   (b)   failing to adequately, properly and safely assemble, inspect and/or test the Valve Box;

   (c)   selling the Valve Box in a defective condition unreasonably dangerous to plaintiff's insureds and their property;

    (d)    failing and omitting to do and perform those things necessary in order to avoid an unreasonable risk of harm to plaintiff's insureds' property and to render the operation of the Valve Box safe and proper;

    (e)    failing to warn customers, including plaintiff's insureds, of the substantial risk presented by the manufacture and/or design of the Valve Box;

    (f)    failing to warn customers, including plaintiff's insureds, how to properly install and use the Valve Box; and

    (g)    such other and further negligent acts or omissions which may be revealed during discovery.

15. As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, gross negligence and/or negligent acts and/or omissions of defendant Oatey, the Leak occurred and resulted in damage and destruction to plaintiff's insureds' real and personal property in the amount in excess of $75,000.

WHEREFORE, plaintiff demands damages against defendant Oatey in an amount in excess of $75,000.00, exclusive of interest and costs.

## COUNT II

## MONTGOMERY INSURANCE V. OATEY

## BREACH OF WARRANTIES

16. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein at length.

17. In designing, manufacturing, distributing, selling and/or supplying the Valve Box, defendant Oatey, expressly and impliedly warranted that it was fit for the particular and ordinary purpose for which its was intended and that the Valve Box was of good and merchantable quality.

18. By designing, manufacturing, distributing, selling and/or supplying the Valve Box in a defective and unreasonably dangerous condition, defendant Oatey breached its express and implied warranties.

19. Upon discovery of the aforesaid breaches of warranty, plaintiff gave prompt and reasonable notice to defendant Oatey, but defendant has failed and refused to reimburse plaintiff for the aforementioned damage.

20. As a direct and proximate result of the above referenced breaches of warranties, the Leak occurred and resulted in substantial damage and destruction to the plaintiff's insureds' real and personal property in an amount in excess of $75,000.

WHEREFORE, plaintiff demands damages against defendant Oatey in an amount in excess of $75,000.00, exclusive of interest and costs.

## COUNT III

## MONTGOMERY INSURANCE V. GSC

## NEGLIGENCE

21. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein at length.

22. The Leak and the resulting damage to the plaintiff's insureds' property was caused by the negligence, carelessness, recklessness, gross negligence and/or negligent acts and/or omissions of defendant GSC, its agents, servants and/or employees acting within the course and scope of their employment or agency, in:

    (a)    failing to safely and properly install the Valve Box at the Property; failing to adequately, properly and safely assemble, inspect and/or test the Valve Box;

    (b)    failing and omitting to do and perform those things necessary in order to avoid an unreasonable risk of harm to plaintiff's insureds' property and to render the operation of the Valve Box safe and proper;

    (c)    failing to warn customers, including plaintiff's insureds, of the substantial risk presented by the Valve Box;

    (d)    failing to warn customers, including plaintiff's insureds, how to properly operate the Valve Box; and

      (e)    such other and further negligent acts or omissions which may be revealed during discovery.

23. As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, gross negligence and/or negligent acts and/or omissions of defendant GSC, the Leak occurred and resulted in damage and destruction to plaintiff's insureds' real and personal property in the amount in excess of $75,000.

WHEREFORE, plaintiff demands damages against defendant GSC in an amount in excess of $75,000.00, exclusive of interest and costs.

                                              Respectfully submitted,

                                              COZEN O'CONNOR

Of Counsel:  
Daniel J. Luccaro, Esquire  
COZEN O'CONNOR  
1900 Market Street  
Philadelphia, PA 19103  
(215) 665-2000  

Dated: April 7, 2005

/s/ Sean J. Bellew  
Sean J. Bellew, Esquire (I.D. No. 4072)  
David A. Felice, Esquire (I.D. No. 4090)  
1201 North Market Street, Suite 1400  
Wilmington, DE 19801  
(302) 295-2026  

Attorneys for Plaintiff